UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                               ) Case No. 07-19167
                                     )
THOMAS J. ROSE, JR.,                 ) Chapter 7
                                     )
                Debtor.              ) Judge Pat E. Morgenstern-Clarren
                                     )
                                     ) **MEMORANDUM OF OPINION**
                                     ) **AND ORDER**[1]

The court entered an order granting the motion of debtor Thomas Rose to redeem a car from Crescent Auto Sales. Although the debtor tendered the necessary funds, Crescent Auto Sales has refused to turn over the title to the car, free and clear of liens. Through a series of filings, the debtor asks the court to enforce its order by finding Crescent in contempt and imposing sanctions to encourage Crescent to comply with its obligation. The court will do so.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## FACTS

These facts are drawn from the evidence presented at the September 7, 2010 hearing, as well as the docket. The debtor and his counsel, Charles Van Ness, testified at the hearing and the court accepted exhibits into evidence. Crescent had notice of the hearing, but did not appear.

---

[1] This written opinion is entered only to decide the issues presented in this case and is not intended for commercial publication in an official reporter, whether print or electronic.

## The Vehicle at Issue

In June 2007, the debtor purchased a 1998 Ford Explorer[2] from Crescent Auto Sales , a trade name of Logos Enterprises, Inc., located at 8000 Harvard Avenue, Cleveland, Ohio. Nicholas Gaglione of the same address is the statutory agent for Logos[3] and also appears to have signed the sales contract for the Ford Explorer. The debtor gave Crescent a security interest in the car,[4] which Crescent noted as a first lien on the car's title.[5] All motions and court orders described in this opinion were served on Crescent at the Harvard Avenue address.

## The Debtor's Chapter 13 Case

On December 1, 2007, the debtor filed this case as a chapter 13 bankruptcy. Under the debtor's confirmed plan, Crescent had a claim of $2,183.00 at 7% secured by the Ford Explorer.[6] Crescent later filed a proof of claim seeking a higher rate of interest. The debtor objected and, without opposition, the court sustained the objection.[7] At some point during the chapter 13 case, an individual from Crescent called Mr. Van Ness's office to complain about the amount of money that it would receive.

---

[2] The vehicle's identification number is 1FMZU34E8WUA37944.

[3] *See* web site for the Ohio Secretary of State.

[4] Exh. B.

[5] Exh. A.

[6] Docket 57.

[7] Docket 64, 66.

2

## The Debtor's Chapter 7 Case

On December 14, 2009, the debtor converted his case to one under chapter 7.[8] As part of that proceeding, the debtor moved to redeem the car under Bankruptcy Code § 722. The debtor described the car as being in poor condition and proposed to redeem it for a lump sum payment of $580.26.[9] Crescent did not file anything in opposition and, on March 1, 2010, the court granted the motion (the redemption order).[10] Soon thereafter, the debtor received his discharge and the case was closed.[11]

## The Debtor's Efforts to Secure Voluntary Compliance with the Court's Order

By letter dated March 19, 2010, attorney Van Ness sent Crescent a check in the amount of $580.26, together with the court's order granting the motion to redeem. In that letter, counsel asked the creditor to "**endorse your lien as canceled** on the original Certificate of Title for said automobile, and return it to my office in the enclosed self-addressed envelope."[12] Crescent did not respond in any fashion and did not cash the check. Counsel sent a follow up letter on May 10, 2010, again asking that Crescent comply with the court's order and advising that if Crescent failed to do so, the debtor would take further action with the court. Crescent did not respond.

---

[8] Docket 79.

[9] Docket 86.

[10] Docket 88.

[11] Docket 93, 96. To the extent necessary, the court *sua sponte* reopens the case to address the issues raised by the debtor. *See* 11 U.S.C. §§ 105(a), 350(b).

[12] Exh. E, emphasis in the original.

### The Debtor Turns to the Court to Enforce its Order

On June 10, 2010, the debtor filed a motion for an order against Crescent asking that it be required to appear and show cause why it should not be held in contempt and sanctioned.[13] The court held a hearing on the motion on July 1, 2010. Crescent did not attend or file anything in opposition to the motion. The court granted the motion and issued a written notice and order under Bankruptcy Rule 9020 requiring Crescent to appear on August 12, 2010 to show cause why it should not held in contempt for failure to comply with the court's redemption order.[14]

No one appeared on that date, and the court adjourned the hearing to August 26, 2010.[15] The August 26, 2010 hearing went forward; the debtor's attorney attended but no one appeared from or for Crescent. From the bench, the court set an evidentiary hearing for September 7, 2010. The court then issued a written order confirming the hearing date and directing the parties to file hearing briefs, witness lists, and exhibit lists by September 3, 2010.[16] The debtor complied with this instruction; Crescent did not.

### The Evidentiary Hearing

The hearing went forward as scheduled. The debtor and his counsel testified to the facts stated above. Additionally, the debtor stated that he had to take unpaid time off from work to

---

[13] Docket 97.

[14] Docket 99.

[15] Docket 101.

[16] Docket 105.

4

attend the hearing, which caused him to lose 5 hours of work at his hourly rate of $8.25, for a total of $41.25.  He also owes attorney fees to Mr. Van Ness, whose hourly rate is $200.00.

### The Relief Requested

The debtor asks that the court find Crescent in contempt of the redemption order and impose these sanctions:  that the debtor be compensated for his time lost from work, that attorney Van Ness be permitted to submit a bill for his time spent in connection with this matter, that the court enter an order canceling Crescent's lien, and that the debtor not be required to pay the redemption amount.

### DISCUSSION

### I.

The court's power to hold those who do not comply with its orders and judgments in contempt is considered "a necessary and integral part of the independence of the judiciary, and . . . absolutely essential to the performance of the duties imposed on [the court] by law." *Nat'l Labor Relations Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590–91 (6th Cir. 1987) (internal quotation marks and citations omitted).  The bankruptcy court's contempt power derives from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. Willfulness is not an element of contempt and an intent to disobey is not relevant. *Id.*

## II.

The facts show clearly and convincingly that Crescent is in contempt of the redemption order. Crescent received the redemption order both through court service and from Mr. Van Ness. The terms of the order are definite and specific. The order permits the debtor to redeem the vehicle by making a lump sum payment of $580.26 within 45 days following its entry and requires Crescent to cancel its lien of record and surrender the title in accordance with the debtor's instructions. The debtor tendered the required funds and instructed Crescent to endorse its lien as canceled on the vehicle title. Crescent refused to do so. Crescent also failed to appear at any of the scheduled hearings and did not provide any explanation for its failure to comply with the order.

## III.

The next issue is the appropriate consequence for Crescent's contempt. When a party is in contempt, the appropriate remedy is to impose sanctions rather than to award damages. *Chambers v. Greenpoint (In re Chambers)*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005); *In re Walker*, 257 B.R. at 498. The court, however, has broad discretion to award damages, including attorney fees, as an appropriate sanction. *See In re Caravona*, 347 B.R. 259, 267 (Bankr. N.D. Ohio 2006) (stating that an injured party may recover damages as a contempt sanction for violating the discharge injunction); *In re Chambers*, 324 B.R. at 329 (same).

The debtor in this case requests a sanction in the form of damages based on his lost wages in the amount of $41.25 and his attorney fees. The court finds an award of lost wages to be appropriate because the debtor would not have lost time from work if Crescent had obeyed this court's order. For the same reason, the debtor is entitled to recover his attorney fees incurred in

trying to obtain compliance with the court's order. To that end, attorney Van Ness is instructed to file a detailed fee statement on or before **September 24, 2010**. If Crescent objects to any of the requested fees, it is to file its objection on or before **October 1, 2010**. The court will then enter a sanction order based on those filings.

The debtor also asks the court to order the release of the Crescent lien and that the debtor not be required to pay the $580.26 redemption amount. As Crescent has refused to comply with this court's order to release its lien and to provide title to the debtor, this order shall serve as proper evidence to the clerk of the common pleas court of the debtor's ownership and right to possess the vehicle and the extinction of the lien of Crescent Auto Sales for the purpose of issuing a certificate of title to the vehicle to the debtor. *See* OHIO REV. CODE § 4505.10(A). While the debtor must still pay Crescent the redemption amount, the debtor is not required to do so until after the court rules on the sanction amount. Given the amount of time Mr. Van Ness spent on the hearings alone, it is likely that the sanction amount will exceed the redemption amount. In that case, the court will order an offset of the legal fees against the redemption amount as a further sanction for Crescent's contempt. The debtor is, therefore, to pay the $580.26 to Mr. Van Ness, and Mr. Van Ness is to hold it in his client escrow account pending further order of this court.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

To be served by the clerk's office by regular U.S. mail on:
Crescent Auto Sales, 8000 Harvard Avenue, Cleveland, OH 44105
Nicholas Gaglione, Statutory Agent, 8000 Harvard Avenue, Cleveland, OH 44105

7

07-19167-pmc    Doc 109    FILED 09/15/10    ENTERED 09/15/10 11:07:19    Page 7 of 7